# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARY N. DANTZLER, )
)
    Plaintiff, )
)
v. ) CV417-062
)
GEORGIA PORTS AUTHORITY, )
)
    Defendant. )

## ORDER

Plaintiff Mary Dantzler has filed suit against her former employer, the Georgia Ports Authority, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act (RA), 29 U.S.C. § 794 *et seq.* Doc. 6.

## I. BACKGROUND

Dantzler alleges that she is "disabled" within the meaning of the ADA because "she suffers from Attention Deficit Disorder (ADD), a mental impairment which prevents the mind from functioning normally in that it substantially limits [her] ability to sleep, learn, concentrate and think." *Id.* at 2. Further, she was otherwise qualified for her job, until promoted to a position for which she lacked experience and adequate training. *Id.* at 2-5. Her repeated requests for training to

accommodate her ADD were denied or inadequately met, and as a result she was disproportionately punished with negative performance reviews and ultimately terminated. *Id.* at 4-12. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, and was issued a right to sue notice.[1]

## II. DISCUSSION

To establish a prima facie case of discrimination under the ADA and the RA,[2] an employee must show that (1) she has a disability

---

[1] Title VII requires a plaintiff to file an administrative claim with the EEOC against their employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C § 2000e-5; *see* 42 U.S.C. § 12117 (incorporating the enforcement provisions of Title VII). The EEOC issues a "right-to-sue" notice permitting a civil action to be brought against the employer within ninety days. *Id.*, § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1). Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing of a civil action against that employer under federal law, and the scope of the EEOC complaint determines the permissible scope of the claims that may be presented in district court.

Plaintiffs must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against. The charge itself should be attached as an exhibit if possible. Here, plaintiff alleges enough to get past the screening hurdle, but is advised to keep her right-to-sue notice handy to demonstrate that she has indeed sufficiently exhausted her administrative remedies.

[2] "With the exception of its federal funding requirement, the RA uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable." *Badillo v. Thorpe*, 158 F. App'x 208, 214 (11th Cir. 2005) (citing *Cash v. Smith*, 231 F.3d 1301, 1305 & n. 2 (11th Cir. 2000); *Haddad v. Arnold*, 784 F.Supp.2d 1284 (M.D.Fla.2010) (because plaintiff's "Rehab Act claim is essentially the same as her ADA claim, and discrimination claims of this kind are analyzed similarly under the two acts" thus, "the Court will refer primarily to the ADA for the sake of brevity.").

within the meaning of the ADA; (2) she is a qualified individual; and (3) she was discriminated against because of her disability.[3] 42 U.S.C. § 12112; 29 U.S.C. § 794; *see e.g., Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996).

Plaintiff alleges that (1) she has a "mental impairment" (ADD) (2) that substantially limits one or more of her "major life activities" (learning and working), (3) that she requested specific accommodations be made for her ADD to enable her to perform the requirements of her job (informing her supervisors that she had ADD and needed training and workplace distraction accommodations to be made), and that (4) her

---

[3] The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual, "a record of such an impairment," or being "regarded as having such an impairment." 42 U.S.C. 12102(2); *Swain v. Hillsborough Cty. School Bd.*, 146 F.3d 855, 857 (11th Cir. 1998). The ADA defined a "qualified individual with a disability" as one who "with or without reasonable accommodation, can perform the essential functions of the employment position that [she] holds or desires." 42 U.S.C. § 12111(8). Thus, plaintiff must show that (1) she has a disability and (2) she can perform the essential functions of her job despite her disability *or* with a reasonable accommodation for her disability. *Todd v. McCahan*, 158 F. Supp. 2d 1369, 1376 (N.D. Ga. 2000); *Lewis v. Zilog, Inc.*, 908 F. Sup. 931, 944 (N.D. Ga. 1995).

Once a plaintiff satisfies these requirements, she must then show that the defendant discriminated against her because of her disability. The ADA prohibits employers from taking adverse employment actions against qualified disabled employees because of their disabilities. 42 U.S.C. § 12112(a). Further, the ADA creates an affirmative duty for employers to reasonably accommodate qualified individuals with disabilities. *Id.* at § 12112(b)(5). Plaintiff may satisfy this third prong, that she was discriminated against because of her disability, through direct, circumstantial, or statistical evidence. *Lewis*, 908 F. Supp. at 951.

3

employer took adverse employment actions against her because of her disability (she was reprimanded, given negative performance reviews, and terminated). Doc. 2-12; *see* 42 U.S.C. § 12102; 29 C.F.R. § 1630; 29 U.S.C. § 794. This is enough to survive screening, and warrant a response from defendant.

## III. CONCLUSION

Plaintiff has pled enough facts for this Court to greenlight service of her Amended Complaint. Hence, the defendant will have to be served with Fed. R. Civ. P. 4 process. To that end, the Court will implement the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153 doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).

That process unfolds in stages. Since the Court has authorized IFP status, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]"). But the Marshal needs to know where to serve the defendant, and that information must come from the plaintiff. Hence, these preliminary

4

steps are required: The Clerk shall send to plaintiff a USM 285 form and a summons form. Within *twenty-one days* of that mailing, plaintiff must *accurately* complete both forms[4] and return them to the Clerk, who will then forward a copy of each form to the defendant. The Clerk is instructed to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. Local Rule 41.1.

Should that phase of the Rule 4 service cycle be completed, the Clerk will then prepare a service waiver package for the defendant. Rule 4(d)(1). That package must include: a Rule 4 Notice of Lawsuit and Request to Waive Service of Summons[5] (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first class postage for use by the defendant for return of the waiver form; one (1) copy of the Complaint; and one (1) copy of this Order. The Clerk

---

[4] Both forms require the plaintiff to list the defendant's name and proper address. These forms may be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). A corporation's principal office address can be found here: https://ecorp.sos.ga.gov.

[5] The Clerk also shall complete the lower portion of the AO 398 Notice of Lawsuit and Request for Waiver form by printing plaintiff's name and also her address data.

shall retain and docket the original USM 285 forms and the summons returned by the plaintiff. *See Dunn v. Fed. Express*, 2014 WL 1028949 at * 3 (N.D. Ga. Mar. 14, 2104).

Next, the Clerk shall mail the service waiver package to the defendant. The defendant is under a duty to avoid unnecessary costs of personally serving the summons. If it fails to comply with the mailed request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form. Should the defendant fail to waive service within sixty (60) days following the date the service waiver package was mailed (the Clerk shall docket that act), the Clerk will prepare and transmit to the Marshal a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the Amended Complaint, plus a copy of this Order. The Marshal will then promptly serve the defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk. *See Dunn*, 2014 WL 1028949 at * 2-3.

Once plaintiff's Amended Complaint is served upon the defendant, she must then serve defendant (through its counsel, if it is represented) with a copy of every additional pleading or other document which she

files with the Court. *See* Fed. R. Civ. P. 5. She also shall include with each paper so filed a certificate stating the date on which she mailed an accurate copy of that paper to the defendant or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, Dantzler also must keep the Court and any defendant advised of her current address at all times during the pendency of this action. Failure to do so may result in dismissal of her Complaint. She also must litigate this case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

**SO ORDERED,** this __14th__ day of April, 2017.

/s/␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA