# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARY N. DANTZLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV417-062 |
| GEORGIA PORTS AUTHORITY, | ) | |
| Defendant. | ) | |

## ORDER

The Court screened and greenlit service of Mary Dantzler's employment discrimination suit against Georgia Ports Authority, finding she had adequately alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act (RA), 29 U.S.C. § 794 *et seq. See* doc. 10. The Court further permitted Dantzler to proceed *in forma pauperis* (IFP), and ordered service of the Complaint and Summons to be effectuated by the United States Marshal on her behalf. Docs. 7 & 10; *see also* Fed. R. Civ. P. 4(c)(3) (where a plaintiff is authorized to proceed IFP, the Marshal shall accomplish service on her behalf).

The Complaint was filed on March 31, 2017. Doc. 1. A summons was issued on April 18, 2017, and a copy of both Dantzler's First and

Second Amended Complaints were served upon defendant on April 28, 2017. Doc. 13 (United States Marshal Return of Service USM 285 Form, reflecting service of "Summons & Complaint" upon Griff Lynch of the Georgia Ports Authority). Defendant complains that it never received a copy of the *summons*, so it seeks dismissal of the Complaint for failure to perfect service under Fed. R. Civ. P. 4(c)(1) (providing that "[a] summons must be served with a copy of the complaint."). Doc. 14. As the 90-day deadline for service is still weeks away, however, technically perfect service may yet be accomplished (with time to spare). *See* Fed. R. Civ. P. 4(m).

Crediting defendant's claim that no summons was provided when the Marshal delivered copies of the First and Second Amended Complaints, *see* doc. 14-1 (Affidavit of Griffith Lynch), the Clerk of Court is therefore **DIRECTED** to send the United States Marshals Service another USM 285 form along with the summons form.[1] *See* Fed.

---

[1] Should defendant wish to know the contents of the summons ahead of service, it may view docket entry 13 on the Court's docket at its convenience. For that matter, nothing prevented the GPA from waiving this technical service defect (the Marshal evidently dropped the summons ball), which is now being remedied at additional taxpayer expense. *See, e.g., Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1276 (S.D. Fla. 2004) (though "technically improper," defendant voluntarily accepted service of process *de facto* "since their attorney has received the papers").

2

R. Civ. P. 4(c)(3). The Marshal shall forthwith effect personal service upon defendant.

**SO ORDERED,** this  23rd  day of May, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA