FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JAN 10 PM 4:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARY DANTZLER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV417-062
)
GEORGIA PORT AUTHORITY, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. 18.) In the report and recommendation, the Magistrate Judge found that Plaintiff failed to establish a factual basis to support either of her two claims: (1) that Defendant Georgia Port Authority ("GPA") discriminated against her by terminating her employment; and (2) that Defendant GPA failed to properly accommodate her disability. Plaintiff objected to the report and recommendation (Doc. 42) and Defendant GPA responded to Plaintiff's objections (Doc. 43). For the following reasons, Plaintiff's objections are **OVERRULED** and the report and recommendation is **ADOPTED** as this Court's opinion in this case.

With respect to the discrimination claim, the Magistrate Judge concluded that Plaintiff failed to show that Defendant's proffered non-discriminatory reasons for her termination were

pretext for an underlying discriminatory motive. As discussed in the report and recommendation, once an employer offers a legitimate, non-discriminatory reason for an adverse employment action, the burdens shifts to the plaintiff to demonstrate that the employer's stated reason was pretextual. EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002). "If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment." Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007) (citing Chapman v. Al Transp., 229 F.3d 1012, 1037 (11th Cir. 2000)).

In this case, Defendant GPA offered at least two non-discriminatory reasons for terminating Plaintiff's employment: (1) the quality of Plaintiff's work product, and (2) the fraught relationship between Plaintiff and her supervisors. (Doc. 32, Attach. 1 at 13.) In her objections, Plaintiff argues that there is a genuine dispute of material fact as to whether her work product warranted her termination.[1] (Doc. 42 at 9.) Plaintiff, however, provides no rebuttal of Defendant's argument that her termination was warranted because she had a fraught relationship with her supervisors. Instead, Plaintiff contends that she did not have a bad relationship with all her supervisors. (Doc. 42

---

[1] The Court does not need to consider the merits of Plaintiff's objections on this point because Plaintiff has clearly failed to rebut Defendant's second proffered reason for her termination.

2

at 4("The fact is that Tatom and Petrino are the only supervisors with whom I had any problem, and nothing in the record suggests I had problems with anyone else.").) While it may be true that Plaintiff did not have a bad relationship with all her supervisors, this fact does not mean that Defendant did not reasonably terminate her employment because she had a fraught relationship with her two direct supervisors. Accordingly, Plaintiff has failed to rebut at least one of Defendant's proffered reasons for her termination. As a result, Plaintiff's discrimination claim based on her termination fails.

With respect to Plaintiff's claim that Defendant GPA failed to reasonably accommodate her disability, the Magistrate Judge concluded that Plaintiff never made a request for an accommodation that properly linked her requested accommodation to her disability. As noted by the Magistrate Judge, courts have routinely required that a plaintiff make a "specific demand for an accommodation" before an employer is expected to properly accommodate an employee. Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999). A specific demand requires that there is a clear link between any requested accommodation and a known disability. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 313 (3d Cir. 1999) (noting that while a requested accommodation must not "formally invoke the magic words 'reasonable accommodation,' the notice nonetheless must

3

make clear that the employee wants assistance for his or her disability."). In this case, Plaintiff contends that Defendant knew about her disability and, therefore, had an obligation to engage in the interactive process to accommodate her disability after she requested a quiet work space.

After careful review, the Court cannot agree with Plaintiff's assessment. While the record in this case shows that Plaintiff informed her supervisor in June of 2015 that she had a suspicion that she had Attention Deficit Hyperactivity Disorder ("ADHD"), Plaintiff never connected her suggestion of a disability with her later request for an accommodation. Instead, the record shows that Plaintiff included in her July 22, 2015, Performance Improvement Plan that

> [a] place to work that can be made quiet and without distractions when needed would make a world of difference. The nature of the work we do very often requires undivided attention and concentrated focus. This is very difficult to maintain in an open cubicle environment.

(Doc. 32, Attach. 3 at 141.) While it may be true that Plaintiff's statement was consistent with problems associated with ADHD, Plaintiff should have made a direct connection between her request for a quiet space and her disability. At the time Plaintiff made her request for a quiet work space, Plaintiff had not even informed Defendant GPA that she had an

actual diagnosis of ADHD.[2] An employer should not be expected to draw a connection between a plaintiff's earlier statement that she may have ADHD and a later request for a quiet workspace. See, e.g., Cole v. Cobb Cty. Sch. Dist., No. 1:13-CV-3341-TWT, 2014 WL 4545766, * 4 (N.D. Ga. Sept. 12, 2014). As a result, Plaintiff's claim that Defendant GPA did not properly accommodate her disability also fails.

For the foregoing reasons, Plaintiff's objections are **OVERRULED** and the report and recommendation is **ADOPTED** as this Court's opinion in this case. Plaintiff's claims are **DISMISSED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 10th day of January 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In her objections, Plaintiff states that she informed Defendant GPA of her official diagnosis on July 29, 2015—seven days after the Performance Improvement Plan and Plaintiff's request for a quiet work space. (Doc. 42 at 2.)